WALEYAN J. DUCHATKIEWICZ, PLAINTIFF-RESPONDENT, v. BENJAMIN H. COHEN AND ABE GOLDSTEIN, PARTNERS,. TRADING AS COHEN & GOLDSTEIN, DEFENDANTS-APPELLANTS.

Submitted January 28, 1927—Decided April 6, 1927.

Contracts—Mechanics' Lien—Alleged That Written Consideration was Not the Same as That of the Oral Agreement—Held That the Allegation is Supported by Parol Evidence Only—Claim That Certain Memoranda Relating to Credits Had Been Excluded, Examined and Found Unjustified.

On appeal from the Burlington Circuit Court.

Before Justices PARKER, BLACK and CAMPBELL.

For the defendants-appellants, *Charles A. Rigg* and *Ernest Watts*.

PER CURIAM.

This is a mechanics' lien suit by builder against owner, for unpaid balance on the contract. The main defense offered at the trial was that in the written contract the consideration had been expressed as $57.50, when the real agreement was $3,750. No fraud *inter partes* was claimed; it was the simple case of a party offering parol evidence to contradict the written instrument, and that evidence the judge very properly shut out. See, *e. g., Booye* v. *Ries*, 4 *N. J. Adv. R.* 1281.

The other point made relates to excluding certain memoranda which, as claimed for appellants, would show that defendants below were entitled to more credits than allowed by the court when directing a verdict. We cannot find that they were excluded, for it does not appear that they were offered. They were marked for identification A, B and C, but that appears to be all. At the end of the case the court and counsel checked up all the credits satisfactorily to defendant's counsel, and the work on the building being admittedly complete, directed a verdict for the proper amount. This was manifestly correct.

The judgment will be affirmed.